**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

ADDONES SPENCER,                                                                           PLAINTIFF
REG. #11060-027

2:12-cv-00057-SWW-JTK

S. PHILLIPS, et al.                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**DISPOSITION**

**I.     Introduction**

This matter is before the Court on the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. No. 45), and on the Plaintiff's Motion for Preliminary Injunctive Relief (Doc. No. 67). By Order dated December 20, 2012, this Court directed Plaintiff to respond to Defendants' Motion within fifteen days of the date of the Order (Doc. No. 73). As of this date, Plaintiff has not filed a Response to Defendants' Motion.[1] Defendants did file a Response in

---

[1] The Court notes that dismissal also is appropriate, at this juncture, pursuant to Local Rule 5.5(c)(2), which provides as follows:

>   It is the duty of any party not represented by counsel
>   to promptly notify the Clerk and the other parties to
>   the proceedings of any change in his or her address,
>   to monitor the progress of the case and to prosecute
>   or defend the action diligently . . . . If any communi-
>   cation from the Court to a pro se plaintiff is not
>   responded to within thirty (30) days, the case may be

2

opposition to Plaintiff's Motion (Doc. No. 74).

Plaintiff is a federal inmate who filed this federal civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), while incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas. He alleges the following: 1) Defendants Phillips and Resto denied him medical care and treatment; 2) Defendant Hall forced him to pursue a General Education Degree which caused him to endure pain from sitting for two hours at a time on several occasions, and she improperly disclosed his medical issues with other inmates; and 3) Defendant Lopez fired him from a unit orderly job and forced him to move into a lower bunk on an upper level of his unit.[2]

## II.   Motion to Dismiss

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 555 (2007) (overruling <u>Conley v. Gibson</u>, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," <u>citing</u> 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face. <u>Twombly</u>, 550 U.S. at 570. <u>See</u> <u>also</u> <u>Robbins v.</u>

---

dismissed without prejudice. . . .

However, given the nature of Defendants' Motion, the Court will address it on the merits.

[2]Plaintiff's allegations against Defendants Outlaw, Obi-Okoye, Does, and Newburn were previously dismissed, by Order dated July 23, 2012 (Doc. No. 33).

Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

    **A.    Defendants' Motion**

In support of their Motion, Defendants state that Plaintiff's Complaint should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. According to the Declaration of Blair Summers, Legal Assistant for the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center in Oklahoma City, Oklahoma, administrative records indicate that Plaintiff did not exhaust his administrative remedies with respect to any of the claims asserted against the Defendants. (Doc. No. 45-1, p. 5.) Ms. Summers describes the three-step federal administrative remedy process, which is instituted by the filing of an informal resolution with staff, and then a formal resolution to the Warden through a BP-9 form at the Unit level. (Id. at p. 3.) Two appeals from that level are provided, to the Regional Director through a BP-10 form, and then to the General Counsel for the Bureau of Prisons, via a BP-11 form (Id.) According to the BOP records, Plaintiff filed four administrative remedy requests about three issues since incarcerated with the Bureau of Prisons, and never fully exhausted any of those requests. (Id. at pp. 4-5.)

Ms. Summers summarizes the grievances Plaintiff filed as follows (Id. at pp. 4-5, 11-12): 1) Administrative Remedy Request #666688-F1 was filed on November 30, 2011, denied on December 12, 2011, appealed on January 6, 2012, to the South Central Regional Office (#666688-R1), and denied on February 29, 2012. Plaintiff did not further appeal that denial with the Office of the General Counsel. 2) Administrative Remedy Request #695276-F1 was filed on July 6, 2012 (after this suit was filed), complaining about a disciplinary hearing regarding his failure to attend GED classes. The Request was denied the same day, and Plaintiff did not appeal. 3) Administrative

Remedy Request #698054-F1, filed July 25, 2012, concerns Plaintiff's complaint that he passed out in the Special Housing Unit. It was denied the same day it was filed, and Plaintiff did not appeal. Based on Summers' Declaration, Defendants state Plaintiff's Complaint against them should be dismissed, for failure to exhaust his administrative remedies.

**B.     Analysis**

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. Exhaustion of remedies includes filing a grievance and appealing such grievance through all appropriate levels. In this case, as mentioned above, the final level is the General Counsel for the Central Office of the Bureau of Prisons, pursuant to a BP–11 form. In Booth v. Churner, 532 U.S. 731, 741 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, in Chelette v. Harris, 229 F.2d 684 (8th Cir. 2000) the Eighth Circuit Court of Appeals held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d at 688.    In Chelette, the plaintiff inmate did not completely exhaust his administrative remedies because the warden told him he would take care of the matter. The Court held that "Section 1997(e)(a) says nothing about a

prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him." Id. Therefore, the Court concluded that the statute clearly requires exhaustion. In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." (Emphasis in original) Finally, in Jones v. Bock, 549 U.S. 199, 218 (2007), the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

It is clear from the records and Declaration presented by the Defendants, and Plaintiff's failure to respond with proof to the contrary, that prior to filing his complaint, Plaintiff did not fully exhaust his administrative remedies with respect to the allegations asserted against Defendants Phillips, Resto, Hall, and Lopez. Therefore, the Court finds that his Complaint should be dismissed without prejudice for failure to exhaust.[3]

## III. Preliminary Injunction[4]

In considering whether to grant injunctive relief, the Court must consider the following factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this

---

[3] Defendants also argue in the alternative that Plaintiff's allegations against them should be dismissed for failure to state a claim upon which relief may be granted. However, pursuant to Johnson v. Jones, 340 F.3d at 627, once a determination is made that the Plaintiff's claims were not exhausted, the Court is required to dismiss them without prejudice. See also Barbee v. Correctional Medical Services, No. 10-1891, 2010 WL 3292789 (8th Cir. 2010).

[4] In the abundance of caution, the Court addresses Plaintiff's claims in his Motion, despite the decision to dismiss his complaint for failure to exhaust.

harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). No single factor is dispositive, but the movant must establish a threat of irreparable harm. Id. Without a finding of irreparable injury, a preliminary injunction should not be issued. Randolph v. Rodgers, 170 F.3d 850, 856 (8th Cir. 1999). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). The Court in Goff also addressed the district court's role in inmate applications for injunctive relief as follows: "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration...[t]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.'" Id. at 520-21, quoting Rogers v. Scurr, 676 F.2d 1211,1214 (8th Cir. 1982).

Plaintiff alleges that Defendant Lopez refused his requests with respect to administrative remedies, legal mail and copies, and telephone calls, and that Lopez and another non-party officer conspired to prevent him from filing grievances, refused to provide him with legal documents, delayed access to postage, prevented correspondence from Plaintiff's daughter, and took away his mattress. He also claims Defendants Phillips and Resto-Rivera refused him medical treatment by failing to assess him every thirty days and by denying over-the-counter medications. In support, he attaches three administrative remedy requests and responses, a request for postage and a response, and a medical form indicating he complained of a backache and headache on October 25, 2011, and was waiting for an appointment with Defendant Resto.

In Response, Defendants state that Plaintiff alleges no irreparable harm with respect to his allegations again them. They note that Plaintiff was able to submit three administrative remedy requests in September and October and received responses to each of those. (Doc. No. 67, pp. 6-11.) In addition, he submitted a copy of an order in another case which indicates that he has received copies of his legal mail. (Id. at p. 12.) According to the response to Plaintiff's request for postage for legal mail, Plaintiff was provided twenty first class postage stamps for the month of November on November 2, 2012, and was scheduled to receive an additional twenty stamps the first of December. (Id. at pp. 15-16.) In addition, excerpts from Plaintiff's medical records show that he has continued to receive medical treatment during incarceration, and that his complaints constitute a disagreement over the type of medical treatment, which does not support a constitutional claim for relief, citing Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981).

Having reviewed Plaintiff's Motion and exhibits, and Defendants' Response, the Court finds that Plaintiff does not specify acts or conduct by the Defendants to support a finding of irreparable harm. In light of the Dataphase considerations, and the standard set forth in Goff v. Harper, the Court finds that Plaintiff has not alleged sufficient facts to require a hearing under Dataphase, and therefore, his Motion should be denied.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED, that Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. No. 45) be GRANTED, and this case be DISMISSED without prejudice for failure to exhaust administrative remedies.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Preliminary Injunctive Relief (Doc. No. 67) be DENIED.

IT IS SO RECOMMENDED this 24th day of January, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE